UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS ALLEN GREENLEE,

        Petitioner,

v.

        CASE NO. 2:11-cv-14048
        HONORABLE NANCY G. EDMUNDS

PEOPLE OF THE STATE OF MICHIGAN,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Marcus Allen Greenlee, a state prisoner confined at the Michigan Reformatory in Ionia, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner was convicted by a Wayne County Circuit Court jury of four counts of first-degree criminal sexual conduct (CSC I), one count of second-degree criminal sexual conduct (CSC II), and assault with a dangerous weapon, and was sentenced as a fourth habitual offender to concurrent terms of 37 to 80 years imprisonment for each CSC I conviction, 10 to 15 years for the CSC II conviction, and two to four years for the felonious assault conviction. Petitioner alleges that he is entitled to habeas relief because the trial court's admission of evidence of another sexual assault violated his state and federal rights, the trial court's statements regarding DNA evidence violated his right to a fair trial, and the trial court

1

violated his federal constitutional right against self-incrimination by requiring him to answer questions on the stand.  Having reviewed the petition, the Court concludes that Petitioner has not properly exhausted his state court remedies and dismisses without prejudice the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.  PROCEDURAL HISTORY

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals.  In that appeal, he raised a single claim that the trial court abused its discretion under Michigan law by admitting prior bad acts testimony.  The Michigan Court of Appeals denied relief on that claim and affirmed Petitioner's convictions.  *People v. Greenlee*, No. 296061, 2011 WL 1045666 (Mich. Ct. App. March 22, 2011) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal in a standard order.  *People v. Greenlee*, 489 Mich. 992, 800 N.W.2d 77 (July 25, 2011).

Petitioner signed the instant habeas petition on August 29, 2011 and it was filed by the Court on September 16, 2011.

## III.  ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").  A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts.  The claims must

be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues, not merely issues arising under state law. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *Morse v. Trippett*, 37 Fed. Appx. 96, 103 (6th Cir. 2002). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. He acknowledges that he did not present his third and fourth habeas issues to the Michigan Court of Appeal for review.[1] Furthermore, it appears from the opinion of the Michigan Court of Appeals that the Petitioner pursued his first habeas claim solely as a state law claim and did not assert the federal constitutional grounds before that court that he is asserting in the petition. Petitioner has thus failed to properly exhaust three of his four habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the

---

[1]The petition states that Petitioner presented his third claim for habeas relief in a pro per application for leave to appeal with the Michigan Supreme Court. Presentation of a claim to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement, however, because exhaustion requires presentation to both the Court of Appeals and the Supreme Court. *Warlick v. Romanowski*, 367 Fed. Appx. 634, 643 (6th Cir. 2010). Petitioner acknowledges not raising his fourth claim for relief before either Michigan appellate court.

prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); see also *Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. See *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987) (basis for exhaustion doctrine is comity). For example, exhaustion may be excused if pursuit of a state court remedy would be futile, *Turner v. Bagley*, 401 F3d 718, 724 (6th Cir. 2005), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); see 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance, however, is available only in "limited circumstances," *id.* at 277, such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.*

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary.

4

Additionally, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner. The one-year limitations period does not begin to run until the conclusion of direct appeal, or the expiration of time for seeking review. *See* 28 U.S.C. § 2244(D)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009) (direct review becomes "final" for purposes of 28 U.S.C.§ 2244(d)(1)(A) when the availability of direct appeal to the state courts and the United States Supreme Court has come to an end). Petitioner's direct appeal concluded when the Michigan Supreme Court denied leave to appeal on July 25, 2011, and he has not filed a petition for certiorari review by the United States Supreme Court, so the one-year limitation period does not begin to run until the time for filing such a petition has expired. The one-year period will also be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002); *but see Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (statutory tolling only applies to applications for state post-conviction relief that are properly filed under state law). Given that the one-year limitations period has not yet begun to run, Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Petitioner has also not shown good cause for failing to exhaust his claims in the state courts before proceeding in federal court on habeas review. Although he states that he recently discovered his new habeas issues when he reviewed his trial transcripts and the law, he has not explained why he has not presented those claims to the state courts on collateral review. His unexhausted claims concern matters of federal law which should be addressed to, and considered by, the state courts in the first instance. Federal law

5

provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d).  If this Court were to review the unexhausted claims, such action would deny the state courts the deference to which they are entitled.  The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he litigates those claims in this Court.  Otherwise, the Court is unable to apply the standard of habeas review found at 28 U.S.C. § 2254.

### IV.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies as to three of his four habeas claims.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  Should Petitioner wish to delete the unexhausted claims and proceed only on the fully exhausted claim, he may move to re-open this case and amend his petition to proceed on the exhausted claim within 30 days of the filing date of this order.  The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid

claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED***.*

s/Nancy G. Edmunds
**Nancy G. Edmunds**
**United States District Judge**

**Dated: October 3, 2011**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on October 3, 2011, by electronic and/or ordinary mail.**

s/Carol A. Hemeyer
**Case Manager**